UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHRISTOPHER LOCKE, ET AL. § | |
| § | |
| v. § | CIVIL ACTION NO. 4:20-CV-363 |
| § | |
| KYLE THOMAS, ET AL. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Parties' Joint Motion to Sever. (Dkt. #34). Having reviewed the motion and the relevant law, the Court finds the Joint Motion to Sever should be **GRANTED**.

### I. BACKGROUND

As stated in the parties' Joint Motion, this case involves two discrete actions. First are the claims by all Plaintiffs against Defendants Kyle Thomas, Collin County, Stephanie Dunn, Jamie Cook, and Bryce Thompson arising from allegations that Thomas inappropriately touched, rubbed, or grabbed the Plaintiffs (the "Thomas Claims"). Second are the claims brought solely by Plaintiff Matthew Peters against Defendants Mickey Frizell, Krystal Camp, Southwest Corrections Medical Group, Inc. ("Southwest"), and Collin County arising from allegations that Frizell, a Collin County employee, used excessive force against Peters and that Camp and Southwest then denied Peters adequate health care following this incident (the "Frizell Claims").

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 21 states that "the court may at any time, on just terms, add or drop a party [or] sever any claim against a party." Rule 21

1

severance "creates two separate actions where previously there was but one." *United States v. O'Neill*, 709 F.2d 361, 368 (5th Cir. 1983). After severance, "a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *Id.* The district court has broad discretion to sever claims or parties. *In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014), *cert. denied*, 136 S. Ct. 45 (2015); *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995); *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).

### III. DISCUSSION

The Court looks to Federal Rule of Civil Procedure 20 to determine whether parties are misjoined and severance is just. *Estate of I.C.D. v. Beaumont Indep. Sch. Dist.*, No. 1:18-CV-137, 2020 WL 1031126, at *2 (citing *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)) (other internal citations omitted). Under Rule 20, joinder of defendants to an action is proper where the claims against those defendants arise out of "the same transaction, occurrence, or series of transactions or occurrences" as the other claims in the action and where "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)).

Here, the Plaintiffs and Defendants agree that the Frizell Claims "can and should be severed" from the Thomas Claims. Specifically, the parties agree that the Frizell Claims "do not arise out of the same transaction or occurrence" as the Thomas

Claims and that "the questions of law and fact" in the Frizell Claims are not common to those in the Thomas Claims.

The Court agrees. Collin County is the only common defendant between the Frizell Claims and the Thomas Claims. No allegations exist tying Defendants Frizell, Camp, and Southwest to the Thomas Claims. Thus, keeping them joined to the Thomas Claims runs afoul of Rule 20. The simplest solution, and the just solution under Rules 20 and 21, is to sever the Frizell Claims from the Thomas Claims.

### IV. CONCLUSION

For all these reasons, it is therefore **ORDERED** as follows:

1. The Parties' Joint Motion to Sever (Dkt. #34) is **GRANTED**;

2. Under Federal Rule of Civil Procedure 21, the Frizell Claims—those claims by Peters against Defendants Frizell, Camp, Southwest, and Collin County arising out of the allegations of excessive force by Frizell and subsequent mistreatment by Camp and Southwest—are **SEVERED** from this action and shall be tried separately; and

3. The Frizell Claims are to be docketed by the clerk's office under a new cause number in this Court.

**So ORDERED and SIGNED this 11th day of September, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE